

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SEASIDE NAVIGATION APS,

                Plaintiff,

- against -

LMJ INTERNATIONAL LTD. a/k/a LMJ
INTERNATIONAL LIMITED,

                Defendant.
------------------------------------------------------------------X

08 CV ____

ECF CASE

## VERIFIED COMPLAINT

Plaintiff, SEASIDE NAVIGATION APS, (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, LMJ INTERNATIONAL LTD. a/k/a LMJ INTERNATIONAL LIMITED ("Defendant"), alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2.     At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business at Roskilde, Denmark.

3.     At all material times to this action, Plaintiff was the owner of the motor vessel "EXCELLENT PESCADORES" (hereinafter the "Vessel").

4. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business at Calcutta, India.

5. Pursuant to a charter party dated August 9, 2007, Plaintiff chartered the Vessel to Defendant for the carriage of bulk iron ore from Haldia and Paradip, India to Changshu, China.

6. The Vessel completed discharging in Changshu on September 20, 2007 and the laytime calculations and final freight invoice were forwarded to Defendant on September 24, 2007 showing a balance of €45,342.17 due to Plaintiff. *See Invoice annexed hereto as Exhibit "1."*

7. Despite due demand, Defendant failed and refused to pay the hire due and owing to Plaintiff under the charter party contract.

8. As a result of Defendant's breach of the charter party, Plaintiff has suffered damages in the total principal amount of €45,342.17, which equals approximately $65,813.58, exclusive of interest, arbitration costs and attorneys fees.

9. In accordance with the charter party, disputes between the parties are to be submitted to arbitration in London with English law to apply.

10. Plaintiff will commence arbitration after the commencement of this action and jurisdiction is obtained over Defendant.

11. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now

be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

|   |   |   |
|---|---|---|
| A. | Principal claim – | $65,813.58 |
| B. | Estimated interest on claim - 2 years at 6% compounded quarterly: | $8,324.93 |
| C. | Estimated arbitration costs: | $5,000.00 |
| D. | Estimated attorneys' fees and expenses: | $6,000.00 |
| **Total:** | | **$ 85,138.51** |

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$85,138.51** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

4

F. That in the alternative, this Court enter Judgment against the Defendant for the claims set forth herein;

G. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

H. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: February 13, 2008
Southport, CT

> The Plaintiff,
> SEASIDE NAVIGATION APS
>
> By: *[signature]*
> Patrick F. Lennon
> Nancy R. Peterson
> LENNON, MURPHY & LENNON, LLC
> 420 Lexington Avenue, Suite 300
> New York, NY 10170
> (212) 490-6050 - phone
> (212) 490-6070 – facsimile
> pfl@lenmur.com
> nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     February 13, 2008
           Southport, CT

                                    _____
                                    Nancy R. Peterson

# EXHIBIT "1"

# Seaside Navigation Aps.

HAVNEVEJ 1 • 4000 ROSKILDE • DENMARK



Messrs.,
LMJ International Limited
c/o Wonsild & Søn Aps
Sundkaj 9
2100 København Ø

3rd September 2007

## INVOICE

MV "EXCELLENT PESCADORES" - Charter Party 9th August 2007

**Freight**

| | | |
|---|---|---|
| 17,580.000 mt at USD 34.00 per mt | USD | 597,720.00 |
| Demurrage Haldia | USD | 85,271.20 |
| Demurrage Paradip | USD | 27,183.80 |
| Despatch Changshu | USD | 996.80- |
| 3.75% commission | USD | 26,631.56- |
| | USD | 682,546.64 |
| At r.o.e. 1.365 | EUR | 500,034.17 |
| Charterers' payment 10-09-07 | EUR | 454,692.00- |
| Balance due Owners | EUR | 45,342.17 |

E. & O. E.

Please remit EUR 45,342.17 to:

NORDEA BANK FINLAND PLC
LONDON BRANCH
8TH FLOOR
CITY PLACE HOUSE
55 BASINGHALL STREET
LONDON EC2V 5NB
ENGLAND

```
BRANCH SORT CODE: 40-48-78
SWIFT BIC CODE   : NDEAGB2L
ACCOUNT NO       : 0042257203
                   IBAN GB40NDEA40487842257203
CREDIT           : SEASIDE NAVIGATION APS
REFERENCE        : MV EXCELLENT PESCADORES / LMJ - balance
```

TELEPHONE: 56 65 84 44 • TELEFAX: 56 65 21 20 • E-MAIL: OPERATIONS@SEASIDE.DK • CHARTERING@SEASIDE.DK • CVR-NO. DK 78 46 05 12